IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 08 - 00082-CG |
| | * | |
| VICTOR SAMUEL MAIR, | * | |
| | * | |
| Defendant | * | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Indictment in this case, the United States sought forfeiture of property which represented drug proceeds of, and/or property used to facilitate, drug transactions of defendant Victor Samuel Mair, pursuant to Title 21, United States Code, Section 853;

AND WHEREAS, based upon the guilty plea entered on April 24, 2008 and the Plea Agreement entered into between the United States and defendant Victor Samuel Mair, and for the reasons stated, it is

ORDERED, ADJUDGED AND DECREED that, pursuant to Title 21, United States Code, Sections 841(a)(1) and 853, and Federal Rule of Criminal Procedure 32.2(b), the interest of defendant Victor Samuel Mair is hereby condemned and forfeited to the United States for disposition according to law in the property identified as follows:

$1,173.00 (One thousand one hundred seventy-three and no/100 dollars) in United States currency seized from the defendant on February 8, 2008.

AND WHEREAS, by virtue of said guilty plea and Plea Agreement, the United States is now entitled to, and it should, pending possible appeal herein, reduce the said property to its possession and notify any and all potential third parties who have or may have an interest in the

forfeited property, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

NOW THEREFORE, IT IS **ORDERED, ADJUDGED AND DECREED**:

That based on the Plea Agreement, the factual resume, the guilty plea, and Fed.R.Crim.P 32.2(b)(3), and pursuant to the defendant's consent, all right, title and interest of defendant Victor Samuel Mair in the above-described property is hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(n).

That the aforementioned property is authorized to be held by the United States Marshals Service in their secure custody and control.

That pursuant to Title 21, United States Code, Section 853(n)(1), the United States Marshal forthwith shall publish at least once a week for three consecutive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the property in a manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-described forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of their receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any

person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure only upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third-party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), and the Plea Agreement signed by the parties, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of execution and shall be made part of the sentence included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward three (3) certified copies of this Order to Assistant U.S. Attorney George F. May, U.S. Attorney's Office, Southern District of Alabama.

**DONE** and **ORDERED** this 8th day of May, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE